UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| OLGA VON HOUCK,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>JUST MORTGAGE, INC. *et al.*,<br><br>　　　　　Defendants. | Case No.  C13-77RSL<br><br>ORDER DENYING MOTION TO STAY FORECLOSURE SALE |

This matter comes before the Court on Plaintiff's complaint (Dkt. # 1) and motion to stay January 18, 2013 non-judicial foreclosure sale (Dkt. # 3).  Plaintiff seeks, among other relief, to enjoin Defendants Just Mortgage, Inc. ("Just Mortgage"), JP Morgan Chase Bank ("Chase"), Mortgage Electronic Registration Systems, Inc. ("MERS") and Wells Fargo Bank, National Association ("Wells Fargo") from proceeding with the sale of her home in Renton, Washington, scheduled for January 18, 2013.  Having reviewed the motion, supporting declaration, and the complaint, the Court DENIES Plaintiff's motion.

On January 11, 2013, Plaintiff filed this action against Just Mortgage, Chase, MERS, and Wells Fargo.  Dkt. # 1.  Plaintiff asserts 13 claims arising out of the loan she received from Just Mortgage and the deed of trust she executed to secure the loan, including claims of fraud, violation of Washington's Consumer Protection Act, breach of fiduciary duty, and violation of the Federal Fair Debt Collection Practices Act.

ORDER DENYING MOTION TO
STAY FORECLOSURE SALE- 1

1  Plaintiff also seeks declaratory judgment regarding the right to foreclose on the
2  property, whether defendants have standing to foreclose on the property, and whether
3  MERS is legally able to hold a beneficial interest in a deed of trust in Washington. Id.
4  ¶¶ 6.1-18.4.
5       A plaintiff seeking injunctive relief "must establish that he is likely to succeed on
6  the merits, that he is likely to suffer irreparable harm in the absence of preliminary
7  relief, that the balance of equities tips in his favor, and that an injunction is in the public
8  interest." Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 20 (2008). "Because a
9  preliminary injunction is an extraordinary remedy, the movant's right to relief must be
10 clear and unequivocal." Wilderness Workshop v. U.S. Bureau of Land Mgmt., 531 F.3d
   1220, 1224 (10th Cir. 2008) (citation omitted).
11      While Plaintiff's complaint provides a lengthy summary of the recent
12 developments in the mortgage industry, Dkt. # 1 ¶¶ 1.1-1.26, she offers little to no
13 factual allegations regarding her particular mortgage, her default on the loan, or the
14 upcoming trustee's sale. Plaintiff broadly asserts that none of the Defendants or their
15 agents have ever had a legal beneficial interest in the deed of trust or a legal right to
16 collect payments on the loan. Id. ¶ 3.7. However, Plaintiff has not made specific factual
17 allegations or attached any documents from which the court may decipher the basic facts
18 of this case. As a result, even though Plaintiff has offered to pay into the court registry
19 as required by RCW 61. 24.130, Dkt. # 3 at 3, Plaintiff has not established that she is
20 entitled to injunctive relief.
21
22      For all the foregoing reasons, the Court DENIES Plaintiff's motion to stay the
   trustee's sale (Dkt. # 3).
23
24
25
26 ORDER DENYING MOTION TO
   STAY FORECLOSURE SALE- 2

DATED this 15th day of January, 2013.

*[signature]*

Robert S. Lasnik
United States District Judge

ORDER DENYING MOTION TO
STAY FORECLOSURE SALE- 3